UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARLOS BAYON,                                                                           98-CV-0578E(Sr)

                Plaintiff,

      -vs-

THE STATE UNIVERSITY OF NEW YORK AT                         ORDER
  BUFFALO,
                Defendant.

---

       WHEREAS this action was filed on September 11, 1998; and

       WHEREAS this Court issued a Scheduling Order dated March 1, 2002 setting April 18, 2003 as the date for completion of discovery; and

       WHEREAS Bayon's Title II and Title VI discrimination claims were dismissed in an Order dated February 6, 2004, but his Title II and Title VI retaliation claims remain to be tried; and

       WHEREAS on November 12, 2004, this Court set a May 2, 2005 trial date; and

       WHEREAS Rule 26(a)(2) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> "**(2) Disclosure of Expert Testimony**
> **(A)** [A] party shall disclose to other parties the identity of any person who may be used at trial to present [expert] evidence ∗∗∗.
>
>      ∗     ∗     ∗     ∗     ∗
>
> **(C)** These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial ∗∗∗ ."; and

WHEREAS Bayon disclosed to the State University of New York at Buffalo ("SUNYAB") an expert report ("the Warren Report") on March 21, 2005 — less than 90 days before trial and almost two years after the discovery deadline; and

WHEREAS SUNYAB filed a motion *in limine* on April 22, 2005 seeking to (1) preclude Bayon from proffering the Warren Report or any evidence from Dr. Warren and (2) limit proof at trial to events occurring in or after September of 1997; and

WHEREAS Bayon filed responsive papers on April 25, but he failed to address FRCvP 26(a)(2) or otherwise provide authority supporting his apparent contention that such be ignored; and

WHEREAS this Court will not grant Bayon's *pro se* requests for (1) an order directing the United States Department of Justice or the Federal Bureau of Investigation to investigate Bayon's claims of witness/evidence tampering, (2) reinstatement of Bayon's discrimination claims or (3) a wider scope concerning the alleged acts of retaliation to be considered at trial; and

WHEREAS SUNYAB would be prejudiced if Bayon were permitted to proffer at trial expert evidence that was not timely disclosed;[1] and

---

[1] *Wolak* v. *Spucci*, 217 F.3d 157, 159-161 (2d Cir. 2000) (affirming district court's order precluding expert witness disclosed less than one year after the court-imposed deadline for expert disclosure and three weeks before trial); *Venite* v. *St. Luke's/Roosevelt Hosp.*, 2002 WL 1461493, at *2 (S.D.N.Y. 2002) (precluding expert witness disclosed two months after deadline for disclosing experts and six weeks before trial).  Moreover, if Dr. Stanton — the proposed witness — were permitted to testify, the trial scheduled for May 2, 2005 would certainly be postponed because SUNYAB would seek additional discovery and an opportunity to obtain a rebuttal witness (and consequent discovery).  This
(continued...)

WHEREAS this Court will deny the second part of SUNYAB's motion because such was addressed in a separate order;[2] and

WHEREAS Bayon will be permitted to introduce direct evidence of his alleged damages; it is accordingly

**ORDERED** that SUNYAB's motion *in limine* is granted in part, that Bayon is precluded from proffering any evidence related to Dr. Stanton A. Warren and that SUNYAB's motion is otherwise denied.

DATED:	Buffalo, N.Y.

April 26, 2005

                  */s/ John T. Elfvin*
                  JOHN T. ELFVIN
                  S.U.S.D.J.

---

[1](...continued)
case is nearly seven years old and trial will not be delayed any further.

[2] This Court's Order dated April 25, 2005 limited "proof at trial" to alleged acts of retaliation. Bayon, however, may *attempt* to testify on cross-examination or re-direct examination concerning his belief that his low grade point average was a product of discrimination. Bayon, however, will thus open the door for SUNYAB to cross-examine Bayon about the fact that his discrimination claims were considered by this Court and ultimately dismissed. This Court, however, will make admissibility rulings at trial.